FILED
AUG 2 8 2007 
8-28-07
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

ASHA MEHTA, DENISE HENRY and MARY LYNN, )
)
Plaintiffs,

07CV4843
JUDGE KENNELLY
MAG.JUDGE DENLOW

v.

DETECTIVE EDWARD HAYES, DETECTIVE DENNIS CAREY, DETECTIVE DAN JUNGLES, DETECTIVE JOSEPH FAZIO, SHERIFF PAUL KAUPAS, and WILL COUNTY, ) ) ) Jury Trial Demanded
)
Defendants. )

**COMPLAINT**

NOW COME Plaintiffs, ASHA MEHTA, DENISE HENRY and MARY LYNN, by and through their attorneys, Kathleen T. Zellner & Associates, P.C., and complaining of Defendants, DETECTIVE EDWARD HAYES, DETECTIVE DENNIS CAREY, DETECTIVE DAN JUNGLES, DETECTIVE JOSEPH FAZIO, SHERIFF PAUL KAUPAS and WILL COUNTY, state as follows:

**Introduction**

According to Sheriff Paul Kaupas, "Operation Sleepover" was the "largest investigation into credit card fraud and identity theft in the history of the Sheriff's Office." As a result of Operation Sleepover, 12 people were arrested, including Plaintiffs, and charged with multiple felonies. The highly publicized arrests and charges came only days prior to the election for the Office of Sheriff. After the arrests, Sheriff Kaupas was re-elected.

Then, due to the fact that there never was any evidence against any of the individuals arrested, all charges against everyone were dropped.

**Cause of Action**

1. This action is brought pursuant to 42 U.S.C. Section 1983 to redress the deprivation under color of law of Plaintiffs' rights as secured by the United States Constitution.

2. Specifically, as a result of egregious misconduct by law enforcement, Plaintiffs, Asha Mehta, Denise Henry and Mary Lynn, were wrongfully arrested and charged with felonies for crimes they did not commit.

3. Detective Edward Hayes, Detective Dennis Carey, Detective Dan Jungles, Detective Joseph Fazio and Sheriff Paul Kaupas, ("Defendants") conspired to secure Plaintiffs' arrests and imprison them.

**Jurisdiction and Venue**

4. This Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331 and 28 U.S.C. Section 1367.

5. Venue is proper pursuant to 28 U.S.C. Section 1391 (b). All parties reside in the judicial district, and the events giving rise to the claims asserted herein occurred within the district.

**The Parties**

6. Plaintiff, Ashta Mehta, was at all relevant times a citizen of the United States and a resident of Mt. Prospect, Illinois.

7. Plaintiff, Denise Henry, was at all relevant times a citizen of the United States and a resident of Plainfield, Illinois.

8. Plaintiff, Mary Lynn, was at all relevant times a citizen of the United States and a resident of Plainfield, Illinois.

9. The individual defendants are employed by The Office of the Sheriff of Will County and they are sued in their individual capacities.

**Timothy Hecker**

10. In August of 2006, Timothy Hecker ("Hecker") was arrested by Joliet Police and charged with crimes relating to financial identity theft.

11. Hecker had been buying credit card numbers illegally for more than six (6) years. He had an extensive record of arrests and convictions for fraudulent conduct over the previous fifteen (15) years. He had spent approximately ten (10) years in prison pursuant to his various convictions.

12. Facing serious charges and incarceration, Hecker agreed to work with Defendants on their "investigation."

13. Prior to agreeing to "investigate" with Hecker, Defendants did not contact Joliet Police to determine anything about Hecker or his crimes. In fact, Defendants did not contact Joliet Police at any time prior to the arrests they eventually made of 12 innocent people.

14. Hecker attempted to build a false criminal case against Plaintiffs notwithstanding that they had engaged in no criminal conduct. Hecker fabricated false evidence, at the behest of Defendants.

15. Defendants' "investigation" would be called "Operation Sleepover" and through that investigation, numerous innocent people were to be arrested and charged with felonies.

16. The "investigation" was led by Defendants Edward Hayes ("Hayes") and Dennis Carey ("Carey").

17. Hecker was willing to do whatever was asked of him, as long as Defendants ensured he got a favorable "deal," including probation on the charges stemming from his August, 2006 arrest.

18. Defendants effectively directed, controlled, or encouraged the acts of Hecker set forth in this Complaint such that they are state action attributable to the Will County Sheriff's Office, which is liable for said acts.

19. Defendant Kaupas was aware of the conduct described herein, and facilitated, approved, condoned, and/or turned a blind eye towards it. In so doing, Defendant Kaupas acted knowingly and with deliberate, reckless indifference.

20. Defendant Kaupas had final policy making authority, or had been delegated with the same, for Will County and the Will County Sheriff's Office with respect to all actions and events described herein.

21. Operation Sleepover would garnish massive publicity. Indeed, Defendant Kaupas would later explain that the operation was "the largest investigation into credit card fraud and identity theft in the history of the Sheriff's Office."

22. The investigation went on for months, but no evidence at all was gathered against anyone. The only person committing any identity theft crimes or credit card fraud was Hecker.

## The Election

23. As of November 2, 2006, Operation Sleepover had not led to any information that suggested that any of the individuals or businesses targeted by Defendants were engaged in any illegal conduct whatsoever.

24. But, on November 7, 2006, the election for the Office of Will County Sheriff was to be held. Defendant Kaupas was running for re-election against challenger Rich Girot. Kaupas needed to win to stay in office.

25. Defendants Hayes, Carey, Jungles and Fazio were all employed by Kaupas' office.

26. Because the election was fast approaching, and although no evidence whatsoever had been gathered, Defendants caused the arrests of 12 innocent individuals, including Plaintiffs, Ashta Mehta and Denise Henry. Defendant Carey swore criminal complaints alleging various felonies.

27. Prior to the various raids that led to the arrests, the media arrived at the location where the raids were to take place prior to the arrival of law enforcement.

28. With great fanfare, Kaupas formally announced those 12 arrests and explained that 12 arrest warrants were issued for the owners, managers and employees of seven local but nationally recognized hotels.

29. Kaupas publicly commended the Operation Sleepover team and specifically commended Hayes and Carey "for conducting a thorough and complex investigation."

30. Kaupas won the election, and Defendants Hayes, Carey and Jungles kept their jobs.

**Factual Background / Plaintiff Ashta Mehta**

31. Prior to November 2, 2006, Plaintiff Asha Mehta ("Ms. Mehta"), was employed by the Super 8 Motel in Romeoville, Illinois. She had never been arrested in her life.

32. Ms. Mehta was performing her duties at the Super 8 Motel in Romeoville on November 2, 2006.

33. On that date, acting pursuant to the directives of Kaupas, Hayes, Carey and numerous other detectives entered the Super 8 Motel in Romeoville and confronted Ms. Mehta.

34. The detectives accused Ms. Mehta of criminal conduct, threatened her, and harassed her.

35. Ms. Mehta was transported to the Will County Sheriff Investigations Building, where she was again accused of criminal conduct, harassed and threatened by Hayes, Carey and Jungles.

36. At one point, while she was handcuffed to a chair, when she would not confess to committing any crimes, Hayes began speaking to Ms. Mehta in an inappropriate manner, making sexual overtures.

37. Hayes thought he knew the man that Ms. Mehta was dating and, referring to that man's weight, asked Ms. Mehta, "do you make curry for him, is that why he is so fat?" Hayes told Ms. Mehta that she should not be with that man, but she should be with a man like Hayes.

38. Subsequently, Ms. Mehta was taken to the Will County Jail where she remained until her bond was posted.

39. Probable cause never existed for the arrest of Ms. Mehta. None of Defendants had reasonable grounds to believe that Ms. Mehta had committed a petty or criminal offense.

**Factual Background / Plaintiff Denise Henry**

40. Prior to November 2, 2006, Plaintiff Denise Henry ("Ms. Henry"), was employed by the Holiday Inn Express in Joliet, Illinois. She had never been arrested in her life.

41. Ms. Henry was performing her duties at the Holiday Inn Express in Joliet, Illinois, on November 2, 2006.

42. On that date, acting pursuant to the directives of Kaupas, Hayes, Carey and numerous other detectives entered the Holiday Inn Express in Joliet, Illinois, and confronted Ms. Henry.

43. The detectives accused Ms. Henry of criminal conduct, threatened her, and harassed her.

44. Ms. Henry was transported to the Will County Sheriff Investigations Building, where she was again accused of criminal conduct, harassed and threatened by Hayes, Carey and Fazio.

45. In defending herself against Defendants' baseless and outrageous accusations, Henry advised Fazio that Hecker had frightened her so much that she had contacted law enforcement for assistance.

46. It had always been clear that Ms. Henry was innocent of any crimes, but it became even more obvious at that point, as no criminal would contact law enforcement while in the process of committing their crimes.

47. However, neither Fazio nor anyone in law enforcement made any attempt

whatsoever to establish that Ms. Henry was lying about contacting law enforcement.

48. Finally, on November 15, 2006, after Ms. Henry and others had been arrested and imprisoned, Detective Carey learned that Ms. Henry was telling the truth and that she had spoken and met with Illinois State Police Special Agent Matt Gainer, badge number 4776. Astoundingly, the charges were not immediately dropped against Ms. Henry.

49. Significantly, John E. Partelow, Donald Gieselman and Russell J. Smyth were identified as victims in the criminal complaint which was used as the basis for the arrest and charges against Ms. Henry. These individuals had never stayed at the Holiday Inn. These individuals and the use of their names and credit card numbers vividly illustrates the fabrication of evidence by the Defendants.

50. Probable cause never existed for the arrest of Ms. Henry. None of Defendants had reasonable grounds to believe that Ms. Henry had committed a petty or criminal offense.

**Factual Background / Plaintiff Mary Lynn**

51. Prior to November 2, 2006, Plaintiff Mary Lynn ("Ms. Lynn"), was employed by the Ram and Ray Corp., d/b/a Ramada , Ltd. in Joliet, Illinois. She had never been arrested in her life.

52. Ms. Lynn was performing her duties at the Ramada, Ltd. in Joliet, Illinois, on November 2, 2006.

53. On that date, acting pursuant to the directives of Kaupas, Hayes, Carey and numerous other detectives entered the Ramada, Ltd. in Joliet, Illinois, and confronted Ms. Lynn.

54. The detectives accused Ms. Lynn of criminal conduct, threatened her, and harassed her.

55. Ms. Lynn was transported to the Will County Sheriff Investigations Building, where she was again accused of criminal conduct, harassed and threatened by numerous detectives.

56. Ms. Lynn defended herself against Defendants' baseless and outrageous accusations, and made no statements implicating herself.

57. It was clear to Defendants that Ms. Lynn was innocent of any crimes.

58. Still, Ms. Lynn was arrested, charged and imprisoned.

59. Probable cause never existed for the arrest of Ms. Lynn. None of Defendants had reasonable grounds to believe that Ms. Lynn had committed a petty or criminal offense.

**All Charges Dropped**

60. On or before February 2, 2007, because there was no evidence and there never had been any evidence, all charges were dropped against Ms. Mehta, Ms. Henry, Ms. Lynn and all of the individuals Defendants had arrested.

61. The Will County State's Attorney's Office provided the following public explanation: "surveillance videotape from a co-defendant's case has revealed that the state's informant was apparently compromised, and this will render that informant's testimony either inadmissable or extremely suspect in a trial on a related case, [and] the pending charges will be dropped."

62. This was the second time in two years that an extremely high profile case investigated by the Will County Sheriff's Office collapsed after massive press coverage. On

October 26, 2004, Kevin Fox was arrested for the sexual assault and murder of his three (3) year old daughter, a few days before the election for Will County State's Attorney and other offices were held. He had been arrested after a 14 hour interrogation allegedly led to evidence against him. Over ten members of the Will County Sheriff's Office were present for that interrogation, including Hayes and Carey. During that interrogation, Defendant Hayes showed pictures to Kevin Fox of his deceased daughter bound with duct tape, in full rigor mortis. Defendant Hayes told Kevin Fox that if he did not confess, he would be held in the Will County jail and "fucked" by people Hayes knew.

63. As a direct and proximate result of the violations by Defendants, Plaintiffs, Ms. Mehta, Ms. Henry and Ms. Lynn, suffered severe and permanent injuries, both psychologically and physically, the loss of their freedom, pecuniary loss, economic loss and will in the future suffer severe shame, humiliation and mental anguish.

## COUNT I

### (Due Process – 42 U.S.C., Section 1983)

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count I.

64. Defendants, while acting individually, jointly and in conspiracy, as well as under color of law and within the scope of their employment, deprived Plaintiffs of their constitutional rights.

65. In the manner described more fully above, Defendants deliberately withheld exculpatory evidence, as well as fabricated false reports and other evidence, thereby misleading

and misdirecting the criminal prosecution of Plaintiffs. Absent this misconduct, the prosecution of Plaintiffs could not and would not have been pursued.

66. The misconduct described in this Count was objectively unreasonable and was undertaken with malice, willfulness, and reckless indifference to the rights of others.

67. The misconduct described in this Count was undertaken under the policy and practice of the Will County Sheriff's Office, for which Defendant, Will County Sheriff Paul Kaupas is responsible, in that:

a. As a matter of both policy and practice, the Will County Sheriff's office directly encourages, and is thereby the moving force behind, the very type of misconduct at issue here by failing to adequately train, supervise and control its agents and employees, such that its failure to do so manifests deliberate indifference;

b. As a matter of both policy and practice, the Will County Sheriff's Office facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Will County Sheriff's Office agents and employees to believe their actions will never be scrutinized and, in that way, directly encouraging future abuses such as those affecting Plaintiffs;

c. Policy-makers with final policy-making authority, including Defendant Kaupas, are aware of, and condone and facilitate by their inaction, a "code of silence" in the Will County Sheriff's Office, by which officers fail to report misconduct committed by other officers, such as the misconduct at

issue in this case; and

d. The Will County Sheriff's Office has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here.

68. As a result of the Defendants' unconstitutional conduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss, and emotional distress.

## Count II

### (Equal Protection - 42 U.S.C. 1983)

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count II.

64. Plaintiffs have been victimized irrationally on the basis of their membership in a certain class of individuals.

65. Members of Plaintiffs' class were treated differently than similarly-situated individuals.

66. The differential treatment of Plaintiffs, described in the preceding paragraphs was intentional and arbitrary, motived by nefarious and discriminatory purpose, and was not rationally related to any governmental interest.

67. The misconduct described in this Count was objectively unreasonable and was undertaken intentionally with malice, wilfulness, and reckless indifference of the rights of others.

68. The misconduct described in this Count was undertaken pursuant to the policy and

practice of the Will County Sheriff's Office, for which Will County Sheriff Paul Kaupas is responsible, in the manner described more fully above.

69. As a result of the Defendants' unconstitutional conduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss, and emotional distress.

**Count III**

**(False Arrest/Unlawful Detention - 42 U.S.C. 1983)**

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count II.

64. As described more fully above, Defendants falsely arrested and unlawfully detained Plaintiffs without legal justification.

65. The misconduct described in this Count was objectively unreasonable and was undertaken with malice, wilfulness, and reckless indifference to the rights of others.

66. The misconduct described in this Count was undertaken pursuant to the policies and practices of the Will County Sheriff's Office, for which Will County Sheriff Paul Kaupas is responsible, in the manner described more fully above.

67. As a result of the Defendants' unconstitutional misconduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss and emotional distress.

**Count IV**

**(Failure to Intervene - 42 U.S.C. 1983)**

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count IV.

64. One of more of the Defendants had a reasonable opportunity, had they been so inclined, to prevent another Defendant from violating Plaintiffs' rights in the manner described herein, but they failed to do so.

65. The misconduct described in this Count was objectively unreasonable and was undertaken with malice, wilfulness, and reckless indifference to the rights of others.

66. The misconduct described in this Count was undertaken pursuant to the policies and practices of the Will County Sheriff's Office, for which Will County Sheriff Paul Kaupas is responsible, in the manner described more fully above.

67. As a result of the Defendants' unconstitutional misconduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss and emotional distress.

**Count V**

**(Conspiracy - 42 U.S.C. 1983)**

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count V.

64. As described more fully in the preceding paragraphs, the Defendants, acting in concert with other known and unknown co-conspirators, reached and understanding to deprive Plaintiffs of their constitutional rights. Plaintiffs were deprived of their Constitutional rights in the manner described in the preceding

paragraphs.

65. In furtherance of the conspiracy, the Defendants committed overt acts and were otherwise willful participants in joint activity with state actors acting under color of law.

66. The misconduct described in this Count was undertaken with malice, wilfulness, and reckless indifference to the rights of others.

67. The misconduct described in this Count was undertaken pursuant to the policies and practices of the Will County Sheriff's Office, for which Will County Sheriff Paul Kaupas is responsible, in the manner described more fully above.

68. As a result of the Defendants' unconstitutional misconduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss and emotional distress.

## Count VI

### (Malicious Prosecution - State Law Claim)

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count VI.

64. Plaintiffs were improperly subjected to judicial proceedings for which there was no probable cause. These judicial proceedings were instituted and continued maliciously, resulting in injury, and all such proceedings were terminated in Plaintiffs' favor in a manner indicative of innocence.

65. Specifically, Defendants accused Plaintiffs of criminal activity and made statements to prosecutors with the intent of exerting influence to institute and

continue judicial proceedings, all the while knowing those accusations to be without probable cause.

66. The statements of these defendants regarding Plaintiffs' alleged culpability were made with knowledge that the statements were false and perjured. In doing so, they fabricated evidence and withheld exculpatory information.

67. The misconduct described in this Count was undertaken with malice, wilfulness and reckless indifference to the rights of others.

68. As a result of the Defendants' unconstitutional conduct, Plaintiffs have suffered pain and injury, including damaged reputation, financial loss and emotional distress.

**Count VII**

**(Respondeat Superior - State Law Claim)**

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count VII.

64. In taking actions with respect to the investigation of the Plaintiffs, all of the Will County Defendants were agents of Will County and the Will County Sheriff's Office, acting at all times within the scope of their employment.

65. Will County Sheriff Kaupas and/or Will County is legally responsible for all of the actions described in the previous paragraphs.

66. Defendant, Will County Sheriff's Office, is liable as principal for all torts committed by its agents.

**Count VIII**

**(Indemnification - State Law Claim)**

1-63. Plaintiffs reallege, restate and incorporate by reference, paragraphs 1-63 of this Complaint at Law as and for paragraphs 1-63 of this Count VIII.

64. Illinois law provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

65. Defendants Carey, Hayes, Jungles and Fazio, employees of the Will County Sheriff's Office, for which Will County Sheriff Kaupas and/or Will County is responsible, acted within the scope of their employment in committing the misconduct described herein.

WHEREFORE, Plaintiffs, Asha Mehta, Denise Henry and Mary Lynn, respectfully request that this Court enter judgment in their favor and against Defendants, WILL COUNTY SHERIFF PAUL KAUPAS, WILL COUNTY SHERIFF'S DETECTIVES DENNIS CAREY, EDWARD HAYES, JOSEPH FAZIO and DAN JUNGLES, and WILL COUNTY, awarding compensatory damages and attorneys' fees, along with punitive damages against the individual Defendants in their individual capacities, and any other relief deemed appropriate

**JURY DEMAND**

Plaintiffs, Asha Mehta, Denise Henry and Mary Lynn, hereby demand a trial by jury pursuant to Federal Rule of Civil Procedure 38(b) on all issues so triable.

Respectfully Submitted:

Kathleen T. Zellner

Law Offices Of Kathleen T. Zellner, P.C.
Drake Oakbrook Plaza
2215 York Road
Suite 504
Oakbrook, Illinois 60523